## TRINITY INDUSTRIES, INC. and the Texas A & M University System, Plaintiffs,

v.

## ROAD SYSTEMS, INC., Interstate Steel Corporation, Kaddo Kothmann, Safety by Design, Inc., John D. Reid, Dean L. Sicking, and Kothmann Enterprises, Inc., Defendants.

### Case No. 1:98–CV–1623.

United States District Court, E.D. Texas, Beaumont Division.

Dec. 12, 2002.

Russell Clay Brown of Wellborn, Houston, Adkison, Mann, Sadler & Hill, Henderson, TX, Guy Vincent Manning, Fort Worth, TX, Vincent Jerome Allen, Duke Wieder Yee, and Casey L. Griffith of Carstens, Yee & Cahoon, Dallas, TX, Steven E. Ross of Gardere Wynne & Sewell, Dallas, TX, Linda Ibach Shaunessy, Attorney General's Office, Austin, TX, for Plaintiffs.

Max Lalon Tribble, Jr. of Susman, Godfrey, LLP, Charles J. Rogers, Houston, TX, B. Trent Webb, J. David Wharton, James H. Marsh Jr. & Bart A. Starr of Shook, Hardy & Bacon, Kansas City, MO, Blaine Douglass Edwards, Peter Emmanuel Strand of Shook, Hardy & Bacon, Houston, TX, Drew Mouton of Mouton & Mouton, Big Springs, TX, Robert L. Nefsky of Rembolt, Ludtke & Berger, Lincoln, NE, for Defendants.

*ORDER AND OPINION PARTIALLY GRANTING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT*

SCHELL, District Judge.

This matter is before the court on "Defendants' Joint Motion for Summary Judg-

ment of Noninfringement" (Dkt.# 214) filed on April 29, 2002. Plaintiffs' filed a response on June 7, 2002 (Dkt.# 283). Defendants' filed a reply on June 26, 2002 (Dkt.# 316), and a sur-reply was filed by Plaintiffs on July 9, 2002 (Dkt.# 345).

Since the filing of this motion for summary judgment of noninfringement, the United States Supreme Court issued its ruling in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002). The ruling in *Festo*, has necessitated that the parties be given more time for discovery and briefing regarding the doctrine of equivalents. The analysis of literal infringement, however, has not been altered. Therefore, the court is able at this time to rule on the portion of the original motion pertaining to literal infringement. After considering the submissions of the parties and the relevant law, the court is of the opinion that no reasonable jury could find that the accused devices literally infringe on Plaintiffs' patent. Therefore, Defendants' motion for summary judgment of noninfringement is GRANTED regarding literal infringement.[1] The court defers rendering a ruling regarding noninfringement under the doctrine of equivalents until the parties have completed their relevant discovery and resubmitted the issue to the court in accordance with the terms earlier agreed upon by the parties. *See Fourth Am. Sched. Order.*

## I. BACKGROUND

Plaintiffs Trinity Industries, Inc. and the Texas A & M University System (collectively "Plaintiffs") brought this cause of action for, *inter alia*, patent infringement against Defendants Road Systems, Inc.,

Interstate Steel Corporation, Kaddo Kathmann, Safety By Design, Inc., John D. Reid, Dean L. Sicking, and Kothmann Enterprises, Inc. (collectively "Defendants"). Plaintiffs allege that the accused BEST, SKT, and FLEAT devices (collectively "the accused devices") literally infringe on the claims of U.S. Patent No. 4,928,928 ("the '928 patent"). All of the devices involved are guardrail end treatment systems that are designed to dissipate the energy of a vehicle coming into contact with the end of a guardrail, causing the vehicle to safely come to a gradual stop without the sharp end of the guardrail piercing the passenger compartment of the colliding vehicle.

The court held a *Markman* hearing and issued a ruling construing the claims of the '928 patent. *Reported at Trinity Industries, Inc. v. Road Systems, Inc.*, 121 F.Supp.2d 1028 (E.D.Tex.2000). Recently, the court declined to adopt Plaintiffs' proposed alteration of that previous interpretation: "[T]he court is of the opinion that its construction of the term 'squeezing extruder throat' on page 19 of its memorandum and order dated September 20, 2000, is correct." *Order Den. Pls.' Mot. for Recons. of Claim Constr. of U.S. Patent No. 4,928,928*, at 3 (Dkt.# 363).

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to isolate and dispose of factually insufficient claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogato-

---

1. The court recognizes that it has previously determined that an issue of material fact existed regarding literal infringement in its order denying Defendants' motion for summary judgment of noninfringement issued on June 5, 2001 (Dkt.# 171). After much more extensive discovery and briefing of the relevant issues, the court is now convinced that a fact issue does not exist.

ries, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R.CIV.P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *See id.* at 248, 106 S.Ct. 2505. The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *See id.* at 247, 106 S.Ct. 2505. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *See Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. In this instance, the movant is not required to offer evidence to negate the nonmovant's claims. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 885–86, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson,* 477 U.S. at 257, 106 S.Ct. 2505.

Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 175–76 (5th Cir.1990). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *See id.*

## III. LITERAL INFRINGEMENT

To grant a summary judgment of noninfringement it must be shown that "no reasonable jury could have found infringement on the undisputed facts or when all reasonable factual inferences are drawn in favor of the patentee." *Netword, LLC v. Centraal Corp.,* 242 F.3d 1347, 1353 (Fed. Cir.2001). "To establish literal infringement, all of the elements of the claim, as correctly construed, must be present in the accused system." *TechSearch, L.L.C. v. Intel Corp.,* 286 F.3d 1360, 1371 (Fed.Cir. 2002) (citing *Cole v. Kimberly–Clark Corp.,* 102 F.3d 524, 532 (Fed.Cir.1996)). "[S]pecific claim limitations cannot be ignored as insignificant or immaterial in determining infringement." *Id.* at 1373 (citing *Perkin–Elmer Corp. v. Westinghouse Elec. Corp.,* 822 F.2d 1528, 1533 (Fed.Cir.1987)).

Defendants claim that the accused devices [2] do not contain a "squeezing extruder throat," and therefore cannot literally infringe the '928 patent. *Defs.' Reply to Pls.' Resp.* at 3. Plaintiffs contend that the accused devices do include a structure that fits the court's definition of a "squeezing extruder throat". *Pls.' Resp. to Defs.'*

---

**2.** SKT, FLEAT, and BEST are identical for the purposes of infringement analysis. *Defs.' Mot. for Summ. J. of Noninfringement* at 20; *Pls.' Resp. to Defs.' Mot. for Summ. J. of*

*Noninfringement* at 9 ("Defendants argue that the BEST is 'identical to the SKT/FLEAT for the purposes of infringement analysis.' Plaintiffs agree.").

*Mot. for Summ. J. of Noninfringement* at 2.

To summarize, the '928 patent device ultimately bends the guardrail. In order to bend the guardrail, it must first be flattened to reduce the bending strength of the guardrail. Flattening is caused by squeezing. Therefore, the '928 patent device squeezes to flatten to bend the guardrail. Plaintiffs' contention is that the accused devices do the same thing. Viewing all of the evidence and inferences in favor of the patentee, the accused devices also achieve bending by first flattening the guardrail in order to reduce its bending strength. Assuming that Plaintiffs' interpretation of the *Markman* ruling is correct, the flattening that occurs with the accused devices is caused by "squeezing". Therefore, the accused devices, like the '928 patent device, squeeze to flatten to bend the guardrail.

The determining issue is whether the accused devices "squeeze" the guardrail, in order to flatten, then to bend, in the manner claimed by the '928 patent. Plaintiffs suggest that the "squeezing" done by the accused devices takes place when the "guardrail within the terminal is forced against the deflector plate of the terminal, causing it to be squeezed flat, since the rigidity of the guardrail keeps it from being bent away from its straight path." *Pls.' Resp. to Defs.' Mot. for Summ. J. of Noninfringement* at 6. This method of "squeezing" differs from that which was discussed in the court's *Markman* ruling.

By Plaintiffs' logic, all flattening would be achieved by "squeezing". When combined with Plaintiffs' contention that in order to achieve bending, all W-beam guardrails must be flattened to reduce the bending strength, in order to then bend, the necessary conclusion is that *all* guardrail end treatment systems that ultimately bend the guardrail must literally infringe the '928 patent. In order to bend, the guardrail must be flattened. In order to flatten, the guardrail must be "forced against the deflector plate of the terminal." Therefore, Plaintiff is asserting that "squeezing" is simply the forcing of the guardrail against the deflector plate. That definition of "squeezing" makes the "narrowing" aspect of the design irrelevant to the function of the '928 design as construed by this court in its *Markman* ruling.

Plaintiffs' interpretation of "squeezing" in the *Markman* ruling is unhelpful in answering the ultimate issue of whether the '928 patent and the accused devices "squeeze" in the same manner. The '928 patent device flattens by squeezing due to a *narrowing* structure. As the court said in its *Markman* ruling, "the flattening is caused by passing through a width of the throat that is narrower, in at least one dimension, than the width of an unflattened guardrail." 121 F.Supp.2d at 1041. "Flattening caused by bending does not satisfy the claim language, which clearly requires the flattening to be accomplished by squeezing." *Id.* at 1044. Further, in addition to the claim language, the summary of the invention describes an extruder throat that is narrower in width than the feeder chute and "this reduction in width flattens a W-beam guardrail." '928 Patent, col. 2, lines 48–50.

There is no evidence that the accused devices contain a *narrowing* structure. Plaintiffs' conclusory statements, even those of experts, are not sufficient evidence that the accused devices contain a narrowing structure. *TechSearch*, 286 F.3d at 1371–72. Plaintiffs have not presented any evidence that the accused devices contain a narrowing structure. In the sur-reply, page 6, Plaintiffs state the existence of evidence showing that the accused devices narrow: "The Declaration of Roger Bligh, included with Plaintiffs' Re-

sponse to Defendants' Motion for Summary Judgment of Noninfringement, shows that the portion of the throat the guardrail actually passes through in Defendants' devices *does* narrow, even though the external physical structure of Defendants' devices may not." After closely analyzing the declaration of Dr. Bligh, the court is unable to find evidence that the accused devices contain a narrowing structure that the guardrail passes through. Dr. Bligh's declaration, however, actually implies just the opposite, that the accused devices *do not* contain a narrowing structure, by de-emphasizing the importance of narrowing: "There is no need for the feeder chute or throat of the device to physically narrow for this flattening to occur." *Pls.' Resp. to Defs.' Mot. for Summ. J. of Noninfringement,* Exhibit B, at 4. Dr. Bligh makes the same conclusion regarding squeezing: "This squeezing and flattening behavior occurs without requiring any physical narrowing of the device." *Id.* at 13. Additionally, the diagrams of the devices, included with the patents, illustrate that the accused devices do not have a narrowing chute and the '928 patent device does have a narrowing chute. *See Defs.' Mot. for Summ. J. of Noninfringement* at 2 (reproducing figures from the patents of all of the relevant devices).

The '928 patent is premised on the existence of a narrowing structure in order to flatten, then bend, the guardrail. 121 F.Supp.2d at 1042. While the Plaintiffs may dispute the importance of the narrowing structure in causing the flattening in order to bend, that is not relevant to a *literal* infringement analysis. The importance of narrowing might be relevant to a subsequent analysis of infringement based on the doctrine of equivalents. At this moment, however, the court is only evaluating if there is sufficient evidence presented by the Plaintiffs to survive a motion for summary judgment on the issue of *literal* infringement. The claims of the '928 patent include a narrowing structure in order to flatten. Narrowing is a literal component of the squeezing extruder throat. A device that does not narrow cannot literally infringe on the claims of the '928 patent. While there might be factual issues regarding whether the accused devices *flatten,* and whether the accused devices *squeeze,* there is no factual issue regarding whether the accused devices *squeeze by narrowing.*

This court, in construing the claims, concluded that a "squeezing extruder throat must narrow." 121 F.Supp.2d at 1042. The narrowing aspect of the '928 patent device cannot be ignored.[3] The squeezing extruder throat narrows, while the structure on the accused devices undoubtedly does not narrow. The court must examine the issue of literal infringement in that context.

Because there is no evidence to support a finding that the accused devices utilize a narrowing structure in order to squeeze the guardrail, and the claims of the '928 patent require narrowing as part of the flattening process, no reasonable jury could find that the accused devices literally infringe the claims of the '928 patent.

## IV. CONCLUSION

Based on the submissions of the parties, the court's prior *Markman* ruling, and the relevant law, the court is of the opinion that Defendants' motion for summary judgment of noninfringement should be

---

**3.** "A patentee may not state throughout the specification and claims that an invention contains a particular limitation and then be allowed to avoid that limitation in a later infringement suit...." 121 F.Supp.2d at 1043 (citing *Unique Concepts, Inc. v. Brown,* 939 F.2d 1558, 1562 (Fed.Cir.1991)).

PARTIALLY GRANTED with regard to literal infringement.

It is so ORDERED.